IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL CABALLERO,

                Plaintiff,

      v.                                                                  CASE NO. 18-3228-SAC

WYANDOTTE COUNTY
SHERIFF'S DEPARTMENT, et al.,

                Defendants.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Daniel Caballero, a prisoner at the El Dorado Correctional Facility – Oswego in Oswego, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff's complaint (ECF No. 1) alleges he failed to receive appropriate medical care when he was detained at the Wyandotte County Jail. Plaintiff received a cut on his finger in February of 2015. A nurse in the jail clinic bandaged the finger, but Plaintiff alleges he did not receive follow-up care. The finger became infected and had to be amputated on March 5, 2015.

Plaintiff names as defendants the Wyandotte County Sheriff's Department–Jail Clinic, Correct Care Solutions, and Corizon Health, Inc. He claims violation of his rights under the

Fourth, Fifth, Eighth, and Fourteenth Amendments, and seeks compensatory and punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

Plaintiff's complaint is subject to dismissal because it is untimely. The statute of limitations for § 1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008). The Court therefore applies Kansas's two-year statute of limitations for personal injury actions. *See* Kan. Stat. Ann. § 60–513(a)(4); *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* at 388 (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid ex rel. Enid City Commission,* 149 F.3d 1151, 1154 (10th Cir. 1998) (quotation marks and citations omitted).

It plainly appears from the face of the complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his complaint on September 4, 2018. Plaintiff's alleged medical claim accrued on March 5, 2015, the date of the

amputation, more than two years prior to the filing date of this complaint.  Consequently, unless tolling applies, Plaintiff's claim is untimely.

In certain limited circumstances, the statute of limitations may be subject to tolling. Because the Court applies the Kansas statute of limitations in § 1983 cases, it also looks to Kansas law for questions of tolling.  *Fratus v. Deland,* 49 F.3d 673, 675 (10th Cir. 1995).  The plaintiff has the burden of establishing a factual basis for tolling the limitations period.  *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); *Slayden v. Sixta,* 825 P.2d 119, 122 (Kan. 1992).

Generally, a Kansas court cannot extend the limitation period except as provided by statute. *McClain v. Roberts*, 304 P.3d 364 (Table), 2013 WL 3970215, *3 (Kan. App. Aug. 2, 2013), citing *Underhill v. Thompson,* 158 P.3d 987, 995 (Kan. App. 2007).  Kansas law provides that a prisoner is presumed to be a person under a legal disability so that the limitation period would be tolled until the disability is removed (here, when the person is released).  K.S.A. 60–515(a).  However, the statute further provides that "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." K.S.A. 60–515(a).  Therefore, to be entitled to tolling under K.S.A. 60-515(a), a prisoner must have been denied access to the courts, something that Mr. Caballero has not claimed.  *McClain,* 2013 WL 3970215 at *3, citing see *Bulmer v. Bowling,* 4 P.3d 637, 639 (Kan. App. 2000); *Parker v. Bruce,* 109 F. App'x 317, 319 (10th Cir. 2004) (unpublished opinion).

Kansas also recognizes the doctrine of equitable tolling but seems to apply it only where defendants did "something that amounted to an 'affirmative inducement to plaintiff to delay bringing the action.'"  *Friends University v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980)

5

(quoting *Rex v. Warner,* 332 P.2d 572 (Kan. 1958)). The record fails to support a claim that Defendants affirmatively induced Plaintiff into delaying his filing of this suit.

In addition, at least one Kansas appellate court has applied the equitable tolling standard for habeas cases in the context of a § 1983 action. *See McClain*, 2013 WL 3970215 at *3. That standard provides for equitable tolling where a litigant has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *McQuiggin v. Perkins,* 569 U.S. 383, 391 (2013) (quoting *Holland v. Florida,* 560 U.S. 631 (2010)). While it appears from the face of the complaint that Plaintiff has been pursuing his rights diligently, it also appears that the only circumstance that prevented him from timely filing this complaint was a misunderstanding about exhaustion of remedies.[1] However, ignorance of the law does not entitle a person to equitable tolling of the limitation period. *Harrison v. United States,* 438 F. App'x 665, 668 (10th Cir. 2011) (unpublished opinion).

As for an argument that equitable tolling should apply because Plaintiff was pursuing a claim based on the amputation of his finger in state court until August 31, 2018, when the Court of Appeals of Kansas affirmed the district court's dismissal on jurisdictional grounds[2], the Supreme Court has held that equitable tolling is "not appropriate to avoid the risk of concurrent litigation in a § 1983 action." *Wallace,* 549 U.S. at 396.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Fogle,* 435 F.3d at 1258. Because Plaintiff did not file his complaint within the two-year limitation period

---

[1] Plaintiff describes in his complaint how he exhausted his state court remedies. If this were a petition for a writ of habeas corpus rather than a civil rights suit, the limitation period would be tolled while Plaintiff was pursing his state remedies. With a § 1983 action, Plaintiff must have exhausted all *administrative* remedies provided by the Wyandotte County Jail before filing suit; state court exhaustion is not required, nor does it toll the limitation period.
[2] *Caballero v. Wyandotte County*, 424 P.2d 569 (Table), 2018 WL 4167234, *3 (Kan. App. Aug. 13, 2018).

and because Plaintiff does not establish a factual basis for tolling the limitation period, Plaintiff's action is subject to dismissal as barred by the statute of limitations.

**IV. Response Required**

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **November 26, 2018**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 26th day of October, 2018, at Topeka, Kansas.

> s/ Sam A. Crow
> **SAM A. CROW**
> **U.S. Senior District Judge**