# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DANIEL CABALLERO,**

                    **Plaintiff,**

     v.                                                      **CASE NO. 18-3228-SAC**

**WYANDOTTE COUNTY**
**SHERIFF'S DEPARTMENT, et al.,**

                    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By order dated October 26, 2018, the Court directed Plaintiff to show cause why his Complaint should not be dismissed as barred by the applicable two-year statute of limitations. The Court found that Plaintiff's claim accrued on March 5, 2015, more than two years prior to the filing date of this Complaint (September 4, 2018). The Court further found that Plaintiff did not establish a factual basis for tolling the limitation period. Before the Court is Plaintiff's response (ECF No. 9) to the show cause order.

In his response, Plaintiff makes two arguments why his Complaint should not be dismissed. After considering Plaintiff's response and the additional information he provided, the Court finds that Plaintiff's Complaint should be dismissed.

First, Plaintiff argues he qualifies for equitable tolling of the limitation period because he filed a state court action within the two-year limitation period and because of extraordinary

1

circumstances. He describes exhausting his state court remedies before filing this Complaint. As explained in the Order to Show Cause, if this were a petition for a writ of habeas corpus rather than a civil rights suit, the limitation period would be tolled while Plaintiff was pursing his state remedies. Since this is a § 1983 action, state court exhaustion was not required, nor does it toll the limitation period. For Plaintiff to qualify for equitable tolling, he would have to show that the defendants did "something that amounted to an 'affirmative inducement to plaintiff to delay bringing the action'" (*see Friends University v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980)) or that he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing (*see McQuiggin v. Perkins,* 569 U.S. 383, 391 (2013)). Plaintiff has not shown that Defendants affirmatively induced him into delaying his filing of this § 1983 action or that any extraordinary circumstance prevented him from filing within the limitation period. The only circumstance Plaintiff describes is a misunderstanding about exhaustion of remedies. Ignorance of the law does not entitle a person to equitable tolling of the limitation period. *Harrison v. United States,* 438 F. App'x 665, 668 (10th Cir. 2011) (unpublished opinion).

Plaintiff's second argument in response to the Order to Show Cause is that the Kansas statute of limitations for an action on a written agreement, contract or promise should apply to his lawsuit. As explained in the Order to Show Cause, the applicable statute of limitations for a § 1983 action is "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008). The Court therefore applies Kansas's two-year statute of limitations for personal injury actions. *See* Kan. Stat. Ann. § 60–513(a)(4); *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

Plaintiff has not shown good cause why his Complaint should not be dismissed. Because Plaintiff did not file his Complaint within the two-year limitation period and because Plaintiff does not establish a factual basis for tolling the limitation period, Plaintiff's action is subject to dismissal as barred by the statute of limitations.

Also before the Court is Plaintiff's Motion for Discovery (ECF No. 6). Because Plaintiff's Complaint must be dismissed, his motion is denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is dismissed with prejudice as barred by the statute of limitations.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery (ECF No. 6) is denied.

**IT IS SO ORDERED.**

DATED: This 22nd day of February, 2019, at Topeka, Kansas.

                                        **s/ Sam A. Crow**
                                        **SAM A. CROW**
                                        **U.S. Senior District Judge**