IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL CABALLERO,

                    Plaintiff,

      v.                                                        CASE NO. 18-3228-SAC

WYANDOTTE COUNTY
SHERIFF'S DEPARTMENT, et al.,

                    Defendants.

**MEMORANDUM AND ORDER**

      This matter is before the Court on two post-judgment motions filed by Plaintiff, a Motion to Alter or Amend Judgment (ECF No. 16) and a Motion for Reconsideration (ECF No. 17). The two motions are identical, and both are denied.

      A litigant who seeks reconsideration by the district court of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed.R.Civ.P. 59(e). The Court will consider Mr. Eikenberry's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the judgment was entered in this action. *See Van Skiver,* 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

1

A Rule 59(e) motion may be granted where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A Rule 59(e) motion should not "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Relief under Rule 59(e) is "extraordinary and may be granted only in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

In this motions, Mr. Caballero does not allege that there has been an intervening change in the controlling law or that there is newly discovered evidence. His arguments seem to attempt to fall under the clear error or manifest injustice grounds. He first argues that his Complaint was not filed out of time because it was filed on December 21, 2016, within two years of the accrual of his claim on March 5, 2015. However, Plaintiff continues to confuse the state and federal courts. He did not file his § 1983 action in this Court until September 4, 2018, well beyond the two-year limitation period.

Plaintiff also continues to confuse habeas and civil rights actions. He repeats the argument he made in response to the show cause order that the statute of limitations should have been tolled while he exhausted his claim in the state courts. As the Court previously explained, since this is a § 1983 action, state court exhaustion was not required, nor does it toll the limitation period. *See Bynum v. Municipality, City & Cty. of Denver*, 550 F. App'x 560, 562 (10th Cir. 2013), citing *Coleman v. Faulkner,* 697 F.2d 1347, 1349 (10th Cir. 1982) (per curiam) ("Section 1983 does not require exhaustion of state judicial remedies."). For Plaintiff to qualify for equitable tolling, he

had to show that the defendants did "something that amounted to an 'affirmative inducement to plaintiff to delay bringing the action'" (*see Friends University v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980)) or that he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing (*see McQuiggin v. Perkins,* 569 U.S. 383, 391 (2013)). Plaintiff did not show that Defendants affirmatively induced him into delaying his filing of this § 1983 action or that any extraordinary circumstance prevented him from filing within the limitation period. The only circumstance Plaintiff described was a misunderstanding about exhaustion of remedies. Ignorance of the law does not entitle a person to equitable tolling of the limitation period. *Harrison v. United States,* 438 F. App'x 665, 668 (10th Cir. 2011) (unpublished opinion). Because Plaintiff did not establish a factual basis for tolling the limitation period, Plaintiff's action was untimely.

Because the Court finds no merit to Plaintiff's arguments and finds no modification is required to prevent manifest injustice, the Court denies Plaintiff's motions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter or Amend Judgment (ECF No. 16) and Motion for Reconsideration (ECF No. 17) are **denied**.

**IT IS SO ORDERED.**

DATED: This 17th day of April, 2019, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**